IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER SMITH,<br><br>                    Plaintiff<br><br>          VS.<br><br>GEORGE HARRISON,<br><br>                    Defendant | **NO. 5:09-CV-59 (HL)**<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION TO DISMISS

Defendant George Harrison has filed a motion seeking dismissal of the above-captioned §1983 action asserting that plaintiff Roger Smith abused the judicial process by falsely answering questions in his 42 U.S.C. §1983 complaint form.  Tab #19.  Plaintiff Smith was ordered to file and has filed a response.  Tab #22.  Defendant Harrison replied to the plaintiff's response.  Tab #23.

In his motion seeking dismissal, defendant Harrison avers that plaintiff Smith failed to provide truthful answers to several questions on the prisoner civil complaint form used to initiate the instant action.  In particular, defendant Harrison contends that plaintiff Smith failed to disclose any information about his two previously filed civil lawsuits.  In support, defendant Harrison provided the case citations of these actions as well as copies of the civil docket reports.  Next, after citing and discussing a number of relevant Eleventh Circuit cases, defendant Harrison asks that this action be dismissed.

In his response, plaintiff Smith did not dispute the fact that he failed to disclose his previous forays into the world of prisoner civil litigation.  Instead, he claims that his admitted failure was due to his being under a great deal of stress at the time he filed the instant action.  According to Smith, he never intended to deceive or provide false information to the court and, as such, dismissal of the instant action would be inappropriate.  The undersigned, with regard to the propriety of dismissing the case, disagrees.

The United States Court of Appeals for the Eleventh Circuit has repeatedly upheld the dismissal of actions where the inmate plaintiff failed to fully disclose all prior litigation. *Hood v. Tompkins,* 197 Fed. Appx. 818 (11th Cir. 2006); *See also*, *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (explaining that a dismissal for failure to disclose prior litigation was "precisely the type of strike that Congress envisioned when drafting section 1915(g)"), cert. denied 524 U.S. 978 (1998). "Court[s] [have] the authority to control and manage matters such as [prisoner in forma pauperis complaints] pending before it, and a plaintiffs' *pro se* status does not excuse him from conforming to acceptable standards in approaching the court." *Pickett v. Yu*, 2006 U.S. Dist. LEXIS 82595 *6, adopted by, 2006 U.S. Dist. LEXIS 89988 (N.D. Fla.) (dismissing complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as malicious where plaintiff failed to fully disclose prior lawsuits, all of which were dismissed prior to service); *Brown v. Strength*, 2008 U.S. Dist. LEXIS 7481 *4 n. 2 (S.D. Ga.) (dismissing complaint without prejudice where inmate failed to fully disclose prior cases and explaining that plaintiff's motion for leave to amend the complaint was denied because "allowing plaintiff to amend his complaint to include the cases . . . would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history.); *Tucker v. Santa Rosa County Sheriff's Department*, 2007 U.S. Dist. LEXIS 30607 (N.D. Fla.) (adopting Magistrate [Judge] 's Report and Recommendation to dismiss complaint for plaintiff's failure to disclose two prior cases); *Williamson v. Hamelton*, 2007 WL 1746916 (N.D. Fla.) (dismissing complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for abuse of judicial process where plaintiff failed to disclose two cases that were dismissed prior to service); *Rivera v. Parker*, 96-325-CIV-J-10 (dismissing complaint for failure to disclose prior cases). "A dismissal for failing to disclose all prior cases stands is [sic] abuse of the judicial process and counts as a 'strike' under 28 U.S.C. §1915(e)(2)(B)(I)." *Smith v. Humphries*, 2006 WL 1529519, n. 1 (N.D. Fla.) (quoting Allin). See also, *Davis v. Eslinger*, 2007 WL 2714103 (M.D. Fla.) (dismissing based on three strike rule where two of strikes were "for abuse of process due to Plaintiff's false and incomplete submissions . . .").

In view of the above, and after carefully considering the positions of both the plaintiff and the defendant, the undersigned **RECOMMENDS** that defendant's motion be **GRANTED** and that this action be **DISMISSED** without prejudice.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve plaintiff Smith at the LAST ADDRESS provided by him.

**SO RECOMMENDED**, this 29th day of DECEMBER, 2009.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE